# BANCO TERRITORIAL Y AGRÍCOLA v. CUEVAS.

## Apelación procedente de la Corte de Distrito de Mayagüez.

No. 11. Resuelto en Junio 9, 1905.

APELACIÓN.—HIPOTECA.—JUICIO EJECUTIVO SUMARÍSIMO.—POSESIÓN DE LA FINCA EJECUTADA.—Una resolución dictada en un juicio ejecutivo sumarísimo, ordenando se dé posesión al comprador de la finca vendida por el Marshal, en pública subasta, no es apelable con arreglo al art. 295 del Código de Enjuiciamiento Civil.

ID.—El procedimiento ejecutivo sumarísimo no puede suspenderse por medio de incidentes, ni recursos de cualquier clase, que puedan interponer las partes interesadas, salvo los casos taxativamente señalados en el art. 175 del Reglamento Hipotecario.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Acuña y Méndez.*

Abogado del Apelado: *Sr. Guzmán Benítez* (Juan).

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del Tribunal:

Como todos los antecedentes de este caso constan en la resolución apelada de la Corte de Mayagüez la claridad exige que se copie literalmente. Dice así:

"Al considerar esta moción debe ante todo consignarse que la re-

solución de la misma no envuelve declaración alguna de derechos, ni la Corte puede hacer ningún pronunciamiento que afecte el mejor derecho á poseer de que las partes contendientes se creyeren asistidas; pues tales declaraciones ó pronunciamientos de derechos sustantivos deben ser el resultado de un juicio seguido por todos sus trámites legales hasta dictar sentencia definitiva.—En este caso la resolución de la Corte solo tiene el alcance de una providencia intermedia ó interlocutoria, constituyendo una mera órden entendiéndose por tal según el artículo 315 del Código de Enjuiciamiento Civil, toda disposición de la Corte ó Juez dada por escrito ó anotada en el record, que no esté incorporada en una sentencia; y la solicitud para obtener una orden de esta naturaleza constituye una moción con arreglo al precepto legal citado siendo sumarísimo el procedimiento para obtenerla:—Hecha esta aclaración debe consignarse como hechos los siguientes: que el Banco Territorial y Agrícola como consecuencia de un procedimiento sumarísimo de ejecución de una hipoteca de un procedimiento sumarísimo de ejecución de una hipoteca constituida á su favor por Don Felipe Cuevas Arredondo sobre una hacienda de su propiedad denominada Carmelitas, radicada en el barrio de la Bajura término Municipal de Cabo-Rojo de este Distrito Judicial y bajo las colindancias que se relacionan en la propia escritura de su constitución, solicitó y obtuvo mandamiento de ejecución el que fué librado al Marshal de esta Corte para su cumplimiento: que dicha finca fué sacada á pública subasta adjudicándose en definitiva al acreedor hipotecario en pago del crédito y otorgándose por aquel funcionario el correspondiente certificado de venta á favor del referido Banco Territorial y Agrícola; que posteriormente solicitó y obtuvo éste de la Corte que librara un mandamiento ú orden al Marshal para que se le pusiera en posesión real de la finca, constituyéndose en ella dicho Marshal á fin de dar la posesión solicitada. habiéndose abstenido de hacerlo por haberse opuesto á ello Don Felipe Cuevas y Padilla alegando en el acto, hallarse en la posesión de dicha finca, en virtud de un título de arrendamiento según así lo hizo constar el aludido funcionario en las diligencias que acompañó con el mandamiento que fué devuelto sin cumplimentar; como consecuencia de este último la Corte dejó sin efecto la orden de posesión dictada, pero autorizó al Banco Territorial y Agrícola para que presentara nueva moción con el mismo objeto á fin de dar una oportunidad al poseedor por título de arrendamiento Cuevas y Padilla, para que expusiera las causas y motivos por la cuales no procedía que se diera al Banco dicha posesión—en este último sentido ha sido presentada

por el Banco una moción la cual fué notificada al referido posee-
dor quien se opuso á ella señalándose día para la vista la que tuvo
lugar con asistencia de los respectivos Letrados defensores, los cua-
les informaron lo que tuvieron por conveniente en defensa de sus pre-
tensiones; y presentaron los documetos obrantes en el legajo de la
Corte sobre ejecución de dicha hipoteca y además el demandado acom-
pañó una escritura de ratificación de un contrato privado de arren-
damiento otorgado ante el Notario de esta Ciudad Don Mariano Rie-
ra Palmer, siendo las partes contratantes Don Felipe Cuevas Arre-
dondo y Don Felipe Cuevas y Padilla: la primera cuestión que ha
de considerar la Corte es la que se refiere á la conducta del Marshal al
abstenerse de dar posesión real y efectiva de la finca al Banco Te-
rritorial y Agrícola.—Esta conducta á —juicio de la Corte ha sido
correcta y la única legal, como así hubo de reconocerlo implícitamente
al dejar sin efecto la órden de posesión que había dictado contra el
deudor por sentencia Cuevas y Arredondo.—Mas en apoyo y corrobo-
ración de esto, y para desvanecer toda duda en la materia, baste so-
lamente reflejar aquí la opinión de eminentes comentaristas Ameri-
canos, en la cual se traduce á la vez la doctrina legal de innumerables
decisiones de las Cortes Supremas de distintos Estados de la Unión, ex-
presivas de que una venta de tierras al Marshal ó Sheriff solamente
puede entregar esta última posesión debe recurrir al remedio sumarí-
simo que la Ley establece para dar la posesión de tierra, (auto de
posesión ó de ayuda ó asistencia, Writ of Assistance) ó una acción de
desahucio.—En ésta ocasión la Corte se ha inspirado en la practica
observada en el Estado de California en cuya virtud el comprador de
una finca hipotecada y vendida en pública subasta, tiene derecho á
que se le dé ó conceda un auto de asistencia pedido mediante mo-
ción para que se le ponga en posesión de la finca sin recurrir á una
acción de desahucio.—La segunda cuestión es la se refiere á la per-
sonalidad del demandado Cuevas y Padilla, en este punto debe ha-
cerse constar de acuerdo con la doctrina de la jurisprudencia Ame-
ricana aplicable en este caso, que cuando una ó varias personas en-
tran en la posesión real ó actual de una finca, litis pendiente, tales
personas están sujetas á la jurisdicción de la Corte (can be dispossed
the execution, Forgati vs. Sparkr, 22 California, 148) habiendo otor-
gado el contrato privado de arrendamiento entre el deudor ejecuta-
do Cuevas Arredondo y el hoy demandado Cuevas y Padilla, con fecha
ocho de Mayo de mil novecientos cuatro, esto es, después de inicia-
do por el Banco Territorial y Agrícola el procedimiento sumarísimo
para la ejecución de su hipoteca, desde cuya fecha entró en pose-

sión de la finca hipotecada el arrendatario, es evidente que el tal Cuevas Padilla quedó desde aquel momento sujeto á la jurisdicción de esta Corte y con personalidad bastante para ser oido en la moción presentada.—La tercera cuestión que se presenta á la consideración de la Corte es el título en que funda su oposición el demandado.—Dicho título es una escritura otorgada en 30 de Noviembre de 1904 por ante el testimonio del Notario Don Mariano Riera Palmer, entre Don Felipe Cuevas Arredondo, como dueño de la finca hipotecada y Don Felipe Cuevas y Padilla, y por la cual ambas partes ratifican un contrato privado de arrendamiento de la expresada finca otorgado por las mismas personas en ocho de Mayo del año citado 1904:—la Corte entiende que ese título no es bastante por ineficáz para que le demandado pueda legalmente fundándose en él, resistir; estorbar ó de cualquier otro modo impedir, que dé posesión de dicha finca al peticionario, porque tratándose el arrendamiento de bienes inmuebles para que puedan perjudicar á tercero es necesario que consten inscritos en el Registro de la Propiedad como verdaderas cargas reales de la finca circunstancia de que carece el título presentado, ó que sin tener este requisito tal arrendamiento se hubiera constituido por convenio ó pacto expreso con el acreedor hipotecario, lo que tampoco se ha justificado, siendo por tanto de aplicación en este punto, el precepto claro y terminante del artículo 1474 del vigente Código Civil, en cuanto establece que el comprador de una finca arrendada tiene derecho á que termine el arriendo vigente al verificarse la venta, salvo pacto en contrario y lo dispuesto en la Ley Hipotecaria.—Pero se alega que estando el Banco Territorial y Agrícola sugeto á la facultad de redención ó rescate que establece el nuevo Código de Enjuiciamiento Civil en favor del dueño de la finca ó de sus sucesores legales se halla comprendido dentro del último párrafo del precepto del citado artículo en cuanto previene que le comprador con pacto de retraer no puede usar de la facultad de desahuciar al arrendatario, hasta que haya cumplido el plazo para usar del retracto:—este argumento envuelve una lamentable equivocación jurídica que es preciso desvanecer:—ciertamente que el vigente Código de Enjuiciamiento Civil estatuye un derecho nuevo de caracter sustantivo como es el de derecho de redención ó rescate como un beneficio á favor del deudor ejecutado dueño de la finca:—sus sucesores legales é acreedores por gravámen:—este derecho de redimir ó rescatar la finca vendida constituye una condición resolutoria impuesta por ministerio de la ley por tanto un verdadero derecho de retracto legal, cuyo lugar apropiado según la técnica jurídica debería estar en los preceptos del Código Civil como una

adición ó ampliación de los retractos legales enumraedos en el mismo (el de coherederos, consocios, comuneros ó condueños de colindante de dueño directo y útil de colitigante).  El retracto convencional llamado de retroventa debe su existencia á voluntad de las partes contratantes contrariamente y en oposición al primero ó el legal que brota de las entrañas mismas de la ley siendo esto tan corriente y usual en la nomenclatura legal, la alegación hecha por el demandado cae desde luego por su propio peso puesto que el párrafo transcrito se refiere solamente al retracto convencional ó sea la retroventa y no habiéndose demostrado que el Banco Territorial y Agrícola hubiere estipulado con el hipotecante tal derecho de retraer la finca hipotecada caso de venta judicial ó extrajudicial, es de todo punto evidente que el arrendatario no puede con éxito ampararse ahora de dicha prescripción para resistir la entrega de la posesión del referido inmueble hipotecado :—ni es exacto, jurídicamente hablando, que en este procedimiento se trate del ejercicio de ninguna acción de desahucio, que como toda acción en general tendría que ejercitarse del modo y en la forma que dicho Código de Enjuiciar determina ó sea mediante demanda sustanciada por todos sus trámites legales, como consecuencia de un contrato de arrendamiento y por virtud de las causas taxativamente señaladas en el Código Civil y no de otras derogadas ya por las reformas del nuevo Código Procesal que ha establecido una verdadera acción para recobrar la posesión :—el procedimiento seguido por la Corte es sumarísimo y ageno por completo á toda acción de desahucio que el peticionario no ha utilizado, limitándose solo á pedir la posesión actual y real de la finca, como consecuencia de la venta realizada y cuya posesión puede ser concedida por la Corte, en este caso, mediante un auto de ayuda ó asistencia en otros formas sumarísimas sin necesidad de que el promovente utilice la acción del desahucio :—ciertamente que las disposiciones del nuevo Código de Procedimientos aparecen autorizar en materia de redención el criterio legal de la parte demandada respecto á que el comprador de una finca vendida en pública subasta para satisfacer una sentencia, no puede desposeer al arrendatario en posesión de la finca, sino que debe respetar el uso y ocupación de la misma, limitándose solo á percibir de aquél el importe de las rentas ó beneficios, mientras no obtenga la escritura definitiva de venta que convierte en absoluto y pleno el dominio condicional, precario, irrevocable que le fuera trasmitido con el certificado de venta ó de traspaso del inmueble otorgado por el Marshal :—tal criterio legal sin embargo, no puede ser autorizado por la corte sin violar el precepto de la ley sustantiva ya citado, que

se opone abiertamente á ello de acuerdo con las prescripciones de la ley hipotecaria no derogadas en este punto de los arrendamientos de inmuebles:—bueno es hacer constar de paso, para no dejar en pié una afirmación de la parte promovente que el derecho de redención ó de rescate legal, ó de retracto legal, que con todos estos nombres puede ser determinado, obliga á todos los compradores de fincas adquiridas en pública subasta, por virtud de ejecución de sentencia, cualquiera que sea el título de su crédito ó el origen de la obligación y por tanto á los acreedores hipotecarios, los cuales dejaron de serlo desde que la venta se realizó en su propio favor y beneficio, porque extinguida la obligación principal mediante el pago, quedó extinguida la obligación accesoria de hipoteca y en su consecuencia los defectos de la misma por el principio jurídico sublata-causa-tollitur-effectus; siendo esto así además porque la ley no distingue ni establece ninguna excepción ó privilegio en favor de los hipotecarios con perjuicios del hipotecante.—Si la hipoteca se ha extinguido, si ha muerto de hecho y de derecho, es de punto innegable, que con ella desapareció también la personalidad del acreedor hipotecario el cual después de todo, ningún derecho al dominio de la finca hipotecada tenía adquirido por virtud de la constitución de la hipoteca que solo afecta el inmueble hipotecado ó por mejor decir el valor del mismo, á la responsabilidad y seguridad de la obligación principal para cuya garantía se constituyó.—Tampoco puede tomar en consideración la corte, el argumento esgrimido por el demandado de que el comprador por el hecho de la venta de la finca hipotecada se subroga en el lugar del deudor por sentencia, y adquiere todos sus derechos, títulos, intereses, y acciones ó cualquiera otros que le correspondan en cualquier tiempo en que esté subsistente cualquier gravamen por embargo mientras esté pendiente el pleito ó por registro del fallo, para deducir de dicho argumento que el Banco Territorial y Agrícola como subrogado del deudor Cuevas y Arredondo, que es el arrendador, está en el deber de respetar el arriendo hecho á favor de Cuvas y Padilla, y por lo tanto que no puede remover á éste de la posesión de la finca en que se encuentra:—pero aparte de que la subrogación en este caso es para ejercitar derechos y acciones y no para cumplir obligaciones y de que los derechos, títulos, intereses y acciones á que alude la ley procesal, no son otros en recta interpretación, sino aquellos que constituyen el derecho real por excelencia que es el dominio en sus distintas manifestaciones, entendiéndose, hasta, digo hecha la subrogación en contemplación á la cosa ó al Jus-in-re, pero no á las personas ó sea al Jus-ad-res, el argumento carece de toda fuerza des-

pués de lo que se deja manifestado sobre los arrendamientos de bienes inmuebles.—En mérito de lo expuesto la corte declara que no son aceptables las razones expuestas por el demandado Felipe Cuevas Padilla y en su consecuencia es de opinión que la ley, los hechos están á favor del promovente.—Por tanto decreta y ordena que se ponga al Banco Territorial y Agrícola en posesión real y efectiva de la finca "Carmelita" sita en el barrio de la Bajura del término Municipal de Cabo-Rojo de este Distrito Judicial ó á la persona que aquél designe para recibir en su nombre, removiendo de ella al actual ocupante Felipe Cuevas Padilla ó á cualquier otra persona que en sustitución de éste ocupe dicha finca, la que se describirá con toda precisión en el mandamiento que se libre al Marshal de esta Corte para el debido cumplimiento de esta orden con las costas al demandado.—Isidoro Soto Nusa.—Juez."

De esa resolución apeló Don Felipe Cuevas Padilla y sus abogados los Sres. Méndez y Acuña presentaron en esta Corte Suprema una copia autorizada por el Secretario de la Corte de Mayagüez de diversas constancias del pleito de que nace esta apelación.

El apelante presenta un alegato y después de referir los antecedentes que ya constan relacionados en la resolución apelada añade como fundamentos de derecho.

Primero: Que el contrato de arrendamiento celebrado entre Don Felipe Cuevas Padilla y Don Felipe Cuevas Arredondo, creó en favor del primero un estado de derecho autorizado por los artículos 259 y 266 del Código de Enjuiciamiento Civil, según el que el arrendatario no puede ser desposeído de la propiedad arrendada durante el plazo de un año que la propia ley citada concede al deudor ó á cualquier interesado para rescatar la propiedad.

Segundo: Que siendo el contrato de arrendamiento que se deja indicado de todo punto válido y legal y en nada opuesto á las estipulaciones de la escritura de hipoteca á favor del Banco Recurrido, es evidente que la resolución de la Corte que prescinde en absoluto de aquél

y de sus efectos legales, quebranta los preceptos de dichas disposiciones legales.

Solicita que se declare con lugar el recurso con las costas á la parte recurrida.

El apelado que es el Banco Territorial y Agrícola de Puerto Rico adiciona el record con una copia del certificado de venta y de otras constancias de los autos principales, y presenta su alegato sosteniendo la justicia de la resolución recurrida porque esta cuestión dice debe resolverse por el Código Civil y por la Ley Hipotecaria, pero aún estudiando los artículos 259 y 266 del Código de Enjuiciamiento Civil que de contrario se citan tampoco colocan al apelante en la situación que él supone porque el primero subroga al comprador en subasta pública de propiedad real, en lugar del deudor en cuanto á sus derechos, títulos, intereses y acciones reales y personales; más no le sujeta á sus obligaciones y cargas y el segundo dice que el comprador tendrá derecho á percibir del arrendatario en posesión las rentas de la propiedad vendida ó el valor de su uso y ocupación; pero no dice que el comprador tenga la obligación de respetar el arrendamiento ó lo que es lo mismo que el comprador puede elegir entre percibir las rentas ó dar por terminado el arrendamiento.

Señalado día para la vista solo compareció el Abogado de la parte recurrida quien alegó oralmente cuanto creyó conducente á su derecho.

Entendemos que no hay necesidad de considerar las alegaciones que una y otra parte han expuesto para sostener sus respectivos derechos. Este es un caso semejante al de James W. Chapman procedente también de la Corte de Mayagüez y en el que fué ponente el Hon. Juez Adolph G. Wolf.

En ese caso solo se estudió la naturaleza de la resolución recurrida y se dijo que no era apelable.

Con efecto, en este caso también, si se atienden á las prescripciones de la Ley Hipotecaria y de su Reglamento no pueden suspenderse estos procedimientos sumarios por medio de incidentes ni por medio de recursos que puedan interponer las personas por cualquier concepto interesadas, salvo los casos de suspensión taxativamente marcados en el artículo 175 del citado Reglamento.

Pero aquí se trata de una orden mandando dar posesión de una finca vendida en pública subasta por medio del Marshal de la Corte de Mayagüez.

Esa orden no es la sentencia á que se refiere el primero y segundo párrafo de la sección 295 del Código de Enjuiciamiento Civil ni es la sentencia ó resolución á que se contrae el párrafo tercero de la citada sección y por consiguiente no siendo apelable la resolución reclamada proponemos que debe desestimarse la apelación sin entrar en otro género de consideraciones que á nada conducirían en el presente caso.

*Desestimada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, MacLeary y Wolf.